IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Cedric Flood, #217089,                )
                                      )
            Petitioner,               )
                                      )   Civil Action No. 9:16-1877-BHH
v.                                    )
                                      )
Warden, Lieber Corr. Inst.,           )   **ORDER**
                                      )
            Respondent.               )
_____)

This matter is before the Court on Petitioner Cedric Flood ("Flood" or "Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On September 19, 2016, Magistrate Judge Bristow Marchant filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Respondent's motion for summary judgment and dismiss this action with prejudice. Petitioner filed objections to the Report on September 29, 2016, and Respondent filed a reply on October 17, 2016.

**BACKGROUND**

Petitioner was indicted in Orangeburg County in February 2010 for kidnapping and criminal sexual conduct, first degree. Douglas Mellard, Esq., and Mark Wise, Esq., represented Petitioner at trial. On July 21, 2011, the jury found Petitioner guilty of kidnapping but acquitted him of criminal sexual conduct, first degree. Petitioner was sentenced to life imprisonment pursuant to S.C. Code Ann. § 17-25-45, based on his prior convictions from 1994 for kidnapping and criminal sexual conduct, second degree.

Petitioner filed a direct appeal and was represented by Susan Hackett, Esq., of the

South Carolina Commission on Indigent Defense, who raised the following issue:

> Whether the trial court judge erred when he improperly coerced the jury into rendering a guilty [verdict] after sending them back to deliberate a second time, and having given them a second, coercive jury charge, after they insisted they were deadlocked, in violation of S.C. Code § 14-7-1330 (1976)?

(ECF No. 14-4 at 75.)

On April 10, 2013, the South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. *State v. Flood*, No. 2013-UP-140 (S.C. Ct. App. April 10, 2013). The remittitur was issued on June 5, 2013.

On July 29, 2013, Petitioner filed an application for post-conviction relief ("PCR"). *Flood v. State of South Carolina*, No. 2013-CP-38-875. In his PCR application, Petitioner raised the following issues:

> Ineffective Assistance of Counsel – <u>Issue One</u>
> Trial counsel rendered the ineffective assistance of counsel in violation of [Petitioner's] rights guaranteed him by the Sixth and Fourteenth Amendments to the United States Constitution, and Article 1, §§ 3 and 14 of the South Carolina State Constitution for his failure to object to a coercive supplemental charge being given to the jury, after the jury advised the trial judge that they could not reach a unanimous decision on either charge, and after the trial judge had given an <u>Allen</u> charge.
>
> Ineffective Assistance of Counsel – <u>Issue Two</u>
> Trial counsel rendered the ineffective assistance of counsel in violation of [Petitioner's] rights guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, § 3 and 14 of the South Carolina State Constitution for failing to object to the trial judge not comporting with South [Carolina] Code § 14-7-1330 (1976).

(ECF No. 14-3 at 177.) Jonathan D. Waller, Esq., represented Petitioner at an evidentiary hearing held on May 27, 2014. In an order filed September 4, 2014 (and dated August 27, 2014), the PCR judge denied Petitioner's PCR application.

Petitioner filed a timely appeal of the PCR court's order, and he was represented by

Kathrine H. Hudgins, Esq., Appellate Defender of the Division of Appellate Defense, who raised the following issue on appeal:

> The PCR judge erred in refusing to find counsel ineffective for failing to move for a mistrial pursuant to S.C. Code §§ 14-7-1330 when the jury indicated they were deadlocked a second time after receiving an <u>Allen</u> charge, and failing to object to the judge's coercive second instruction to continue deliberations.

(ECF No. 14-8 at 2.) The South Carolina Supreme Court denied certiorari on March 25, 2016, and the remittitur was filed on April 12, 2016.

Petitioner then filed the instant petition pursuant to § 2254 on June 9, 2016, asserting the following claims:

> GROUND ONE: The PCR court erred in finding that trial counsel was not ineffective for failing to move for a mistrial pursuant to S.C. Code § 14-7-1330 when the jury indicated they were deadlocked a second time after receiving an <u>Allen</u> [charge] thus depriving Petitioner of his 6 th and 14 th Amendment [rights] to effective assistance of counsel and a fair trial.
>
> GROUND TWO: The PCR court erred in finding that trial counsel was not ineffective for failing to object to the trial judge's coercive second instruction to continue deliberations, thus, denying Petitioner his 6 th and 14 th Amendment rights to effective assistance of counsel and a fair trial.

(ECF No. 1 at 7, 13.)

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part,

3

the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

## II.     Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party.  *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## III.    Habeas Corpus

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended.  *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### IV.    Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks

and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

## **ANALYSIS**

### **I.    The Magistrate Judge's Report**

In his Report, the Magistrate Judge first determined that Petitioner properly exhausted his claims for relief. Next, the Magistrate Judge outlined the PCR court's findings on Petitioner's claims. (*See* ECF No. 20 at 5-10.) The Magistrate Judge then reviewed the state court's findings under the deferential standard of review set forth in 28 U.S.C. § 2254(d) and ultimately determined that Petitioner failed to meet his burden of showing that counsel was ineffective.

Specifically, with respect to ground one, where Petitioner alleges that counsel was ineffective for failing to more for a mistrial pursuant to S.C. Code § 14-7-1330 when the jury indicated it was deadlocked after receiving an *Allen* charge, the Magistrate Judge found no error in the PCR court's finding that counsel was not ineffective for failing to object to the trial court's instruction. The Magistrate Judge stated:

> In this case, the record reflects that the jury did not voice any objections when the trial judge sent them back to deliberate a second time. Furthermore, the judge specifically reminded the jurors when he sent them back to deliberate "to make that decision without compromising any of your convictions or your beliefs." In the trial court's instruction, he did not speak directly to the minority juror (who Petitioner apparently contends was in favor of "not guilty" on all charges), but addressed the jury as a whole.

6

> Accordingly, Petitioner has not shown that the State court's determination that the jury's consent to continue deliberating was implied based upon the record as a whole. Therefore, Petitioner has not shown that even if Petitioner's counsel had objected, that there was any basis for such objection in light of *Edwards*. Further, to the extent Petitioner's claim is that the state court erred in finding that § 14-7-1330 had not been violated, that by itself is not even a federal claim, as claims involving the application and interpretation of a state statute are not cognizable in federal habeas actions absent a showing of a federal constitutional violation. There has been no showing of a federal constitutional violation in this case.
>
> Counsel testified that although they and Petitioner specifically discussed moving for a mistrial, they made a conscious decision *not* to make such a motion because they all believed that the jury may have been more favorable to the Petitioner than another jury might be. Indeed, Petitioner also testified at his PCR hearing that he believed that the jury was favorable to him and that he did not want to stop the trial, and in fact the jury did return a favorable verdict for the Petitioner of not guilty on the CSC charge. Accordingly, Petitioner has not carried his burden of showing a federal violation, or that his counsel was ineffective for not objecting to the court's second charge based on the state statute or for failing to move for a mistrial.

(ECF No. 20 at 13-14 (internal citations omitted).) Accordingly, the Magistrate Judge determined that ground one is without merit.

Next, with respect to ground two, where Petitioner contends that trial counsel was ineffective for failing to object to the trial judge's "coercive" second instruction, the Magistrate Judge reviewed the PCR court's findings and determined that Petitioner failed to carry his burden of showing that counsel was ineffective. The Magistrate Judge stated:

> In this case, the record reflects that the jury began deliberations at 4:25 p.m. on July 20, 2011. After receiving a question from the jury (approximately 30 minutes after they were charged) regarding the definition of kidnapping and criminal sexual conduct and apparently a desire to see a chart used by counsel, the trial court informed the jury that the chart was not evidence, but that he could recharge them on the definitions of kidnapping and criminal sexual conduct, which he did. The jury then later asked to get a transcript of the victim's testimony. The trial court told counsel that there was no copy of the transcript and that the only alternative was to replay the victim's testimony for the jury. After the Court discussed the matter with counsel and Petitioner's counsel objected to the victim's testimony being replayed, the

7

> Court excused the jury for the night at approximately 9:30 p.m. In the morning, the Court addressed and overruled defense counsels' objection about playing the victim's testimony for the jury and questioned the jury as to whether they had heard or seen certain media coverage, which they affirmed that they had not. The Court then played the victim's testimony again for the jury and they returned to the jury room to further deliberate. The jury later sent a note stating that they could not come to a unanimous decision on either charge. The Court stated that they probably had not had enough time so he brought them out and gave them an *Allen* charge. During this *Allen* charge, the trial court charged them not to "give up your firmly held beliefs merely to be in agreement with your fellow jurors. The majority should consider the minority's position, and the minority should consider the majority's position." Subsequently, the jury sent out the two notes previously discussed, indicating that they had not been able to reach a unanimous decision. Both notes basically stated the same thing: "We have a juror that has said for the past two days of deliberation that he will 'never' change his mind." It is at that point that the trial judge gave the charge at issue. After receiving that charge at approximately 2:50 p.m. on July 21, 2011, the jury returned to the jury room, deliberated, and returned a verdict at 5:00 p.m.
>
> Therefore, viewing the totality of the charge, the judge specifically told the jurors in the first *Allen* charge not to give up their firmly held beliefs merely to be in agreement with their fellow jurors and asked the majority to consider the minority's position as well as vice versa. When the jury was sent out again, the trial judge discussed how everyone had worked on the case, that he knew they were being asked to make a very hard decision, and again asked them all to try and make a decision "without compromising any of your convictions or your beliefs." He also referenced that it was early in the day, apologized to them and asked them to treat it as a work day, but with no threat that they would not be released if they could not make a decision. Then, the trial court asked them "to return to your deliberations and bring back a fair, just and impartial verdict. Okay? Thank y'all very much." Despite the acknowledged outspokenness of the jury in this case, there was no objection from any of the jurors to returning to further deliberate. Furthermore, the Judge did not speak solely to the minority juror, but addressed the jury as a whole, and all of the jurors at the end of the trial stated and affirmed in open court that the verdict they returned was their unanimous verdict.

(ECF No. 20 at 16-18.)

Ultimately, the Magistrate Judge found no error in the state court's finding that the record does not reflect an unduly coercive charge. The Magistrate Judge also found no

8

error in the state court's finding that counsel's decision not to object to the second charge was a tactical and strategic choice made after due consideration and consultation with Petitioner, such that Petitioner failed to establish that counsel rendered constitutionally deficient assistance. As such, the Magistrate Judge determined that ground two is without merit.

## II.    Petitioner's Objections

In his objections, Petitioner does not object to the Magistrate Judge's recitation of the procedural background and history of this case; however, he does object to the Magistrate Judge's recommendation that the Court grant summary judgment in favor of Respondent on his claims. Specifically, Petitioner contends the Magistrate Judge erred in concluding that Petitioner failed to meet his burden of showing that trial counsel was ineffective for failing to move for a mistrial after the trial court gave the jury a second *Allen* charge and for failing to object to the trial judge's "coercive" second instruction.

After a de novo review of the portions of the Magistrate Judge's Report to which Petitioner objects, the Court finds Petitioner's objections wholly without merit. Although Petitioner disagrees with the Magistrate Judge's findings, he points to no legal or factual error sufficient to alter the outcome of this matter, and this Court agrees with the Magistrate Judge's findings and conclusions. Specifically, the Court completely agrees with the Magistrate Judge that Petitioner has failed to show that the PCR court's findings on Petitioner's claims of ineffective assistance resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts. In other words, the Court agrees with the Magistrate Judge that Petitioner has not shown that counsel's

performance was deficient for failing to move for a mistrial after the trial court gave the jury a second *Allen* charge or for failing to object to the trial court's allegedly "coercive" second instruction. In addition, despite Petitioner's conclusory allegation that he suffered prejudice due to his counsel's performance, and his equally unsupported allegation that there is a reasonable probability that he would have prevailed on appeal had counsel objected, the Court finds that Petitioner has failed to establish prejudice. As the Magistrate Judge noted:

> Although Petitioner now speculates that if counsel had objected to the jury charge, that would have affected the outcome of the case and he could have received a more favorable result, this conclusory and wholly unsupported contention is insufficient to show his counsel was ineffective. The record does not reflect an unduly coercive charge under *Tucker*, and the decision not to object to the second charge was a tactical and strategic choice made by counsel after due consideration and consultation with the Petitioner.

(ECF No. 20 at 18-19.) Accordingly, the Court agrees with the Magistrate Judge that Respondent is entitled to summary judgment on Petitioner's claims.

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates herein by specific reference the Magistrate Judge's Report (ECF No. 20), and the Court grants Respondent's motion for summary judgment (ECF No. 15).

**AND IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

January 3, 2017
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.